

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 13 2013

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEVIN McCULLY, as next friend   §
of daughters, C. McCULLY AND   §
M. McCULLY   §
  §
     Plaintiffs,   §
  §
VS.   §   NO. 4:13-CV-702-A
  §
STEPHENVILLE INDEPENDENT   §
SCHOOL DISTRICT, ET AL.,   §
     Defendants.   §

MEMORANDUM OPINION
and
ORDER

The above-captioned action was initiated by the filing by
plaintiffs, C. McCully and M. McCully, acting through their
father, Kevin McCully, as their next friend, of their compliant
against defendants, Stephenville Independent School District
(Stephenville ISD), and William Joe Carter and Rachel Carter
(together, the "Carter defendants"). On September 23, 2013,
Stephenville ISD filed a motion to dismiss for lack of capacity
and a corrected motion to dismiss pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure. On October 25, 2013,
plaintiffs filed a response to Stephenville ISD's corrected
motion to dismiss, and on November 8, 2013, Stephenville ISD
filed a reply. On September 27, 2013, the Carter defendants
filed a motion to dismiss pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure, and as of the date of the

signing of this memorandum opinion and order, plaintiffs have
filed no response to the Carter defendants' motion even though
plaintiffs requested and were granted two extensions of time to
file a response.[1]  Having now considered each motion, the
responsive pleadings, and applicable legal authorities, the court
concludes that the Carter defendants' motion to dismiss should be
granted, that the ground of Stephenville ISD's motion to dismiss
for failure to state a claim directed to Count II of the
complaint should be granted and Count II dismissed as to
Stephenville ISD, that the remaining grounds of Stephenville
ISD's motion to dismiss for failure to state a claim should be
held in abeyance pending the court's decision on a recently filed
motion by plaintiffs to file an amended complaint, and that
Stephenville ISD's motion to dismiss for lack of capacity should
be held in abeyance, subject to a ruling that could be affected
by future events.

---

[1] Having concluded that plaintiffs had been given adequate time to file their response, the court
denied a third motion for extension of time by an order signed on November 8, 2013.

2

I.

Allegations of the Complaint[2]

A.   History Allegations

In summary form, plaintiffs made the following historical allegations in their complaint:

C. McCully and M. McCully are sisters who attend Henderson Junior High in the Stephenville ISD.  They are or will be participating in athletics in the district.  Their father began complaining to administrators at Stephenville ISD of gender discrimination at Henderson Junior High in early September 2012. He filed grievances with Stephenville ISD on March 8, 2013, completing the grievance process in July 2013.  "Defendant has made some changes," but "has backtracked on two commitments." Compl. at 4.

The female athletes at Henderson Junior High have fewer opportunities to participate in sports than boys and inferior benefits when they do participate, such as non-traditional seasons, fewer coaches, inferior coaches, inadequate practice facilities, inferior locker rooms and other facilities,

---

[2]On the date of the signing of this memorandum opinion and order, the court received a motion filed by plaintiffs, over the signature of Kevin McCully as next friend of C. McCully and M. McCully, for leave to file a first amended complaint.  The court is ordering Stephenville ISD to file an expedited response to such motion.  If such motion is denied, the court will follow-up with a ruling on the grounds of Stephenville ISD's motion to dismiss for failure to state a claim upon which relief may be granted that have not been resolved by this memorandum opinion and order.

discriminatory practice times and schedules, inadequate
publicity, different recruitment of girls, inadequate survey of
girls to determine their interests, the discriminatory
environment of the Quad County Conference, the discriminatory
environment of the University Interscholastic League,
stereotypical assumptions about the interests and abilities of
female athletes, and allowing unequal support to the boys'
athletics through booster clubs, donations, and commercial
agreements.

The Carter defendants are employees of Stephenville ISD, who
are being sued in their capacities as agents for Stephenville ISD
and in their individual capacities.  They "used the power vested
in them by SISD to remove and/or force the coach to remove M.
McCully from the basketball team."  Compl. at 10.  Plaintiff was
informed that "M. McCully could not be on the team because her
parents were involved in a lawsuit against the school."  Id.

B.   Allegations Defining the Legal Basis for the Alleged Claims

In the introductory paragraph of the complaint, plaintiffs
alleged that they are filing "for relief under the Education
Amendments of 1972, 5901, 20 U.S.C.A. § 1681 (Title IX)."  They
explained that Stephenville ISD "in violation of federal law, has
failed to provide equal athletic facilities to females in the
Stephenville Independent School District, Stephenville, Texas,

based on Plaintiffs' gender" and that the Carter defendants, "in their individual capacities, as well as their capacities as agents for Stevenville [sic] I.S.D., in violation of federal law have retaliated against Plaintiff(s)."  Compl. at 1-2.

Notwithstanding the clear statement in the introductory paragraph of the nature of the litigation, in the "Jurisdiction and Venue" section of the complaint, plaintiffs alleged that "[t]he rights, privileges and immunities sought to be redressed are those secured by . . . the Constitution of the United States of America, in particular, the Fourteenth Amendment thereto" and that "[t]his Court further has supplemental jurisdiction of the subject matter of this claim under 28 U.S.C. §1367, as to all claim arising under the laws and Constitution of the State of Texas, that are related to the claim of which this Court has original jurisdiction and which form part of the same case or controversy."  Id. at 2, ¶ 1.  A similar reference to supplemental jurisdiction under 28 U.S.C. § 1367 was made under the heading "Parties" of the complaint.  Id. at 3-4, ¶ 6.

However, nowhere in the complaint is any claim identified as being based on the Fourteenth Amendment or any state law or constitutional provision.  Two counts are alleged in the complaint.  Count I is titled "Violation of Title IX, Education Amendments of 1972.8 901.20 U.S.C. 8 1681."  Count II is titled

5

"Retaliation."   While the allegations in Count II failed to make reference to any statute, constitutional provision, or case law, a fair reading of Count II is that it is intended to assert a retaliation claim under the authority of Title IX.

The prayer of the complaint alleged that "Plaintiffs have been damaged by Defendant as a result of each violation alleged above . . . ."  Id. at 11.  The complaint does not contain any allegation that any of the defendants violated any law or constitution of the State of Texas or the Fourteenth Amendment to the Constitution of the United States.  Therefore, the court is treating the complaint as claiming no more than a violation of Title IX based on gender discrimination in its Count I and Title IX retaliation in its Count II.[3]

---

[3]Plaintiffs made no reference in their response in opposition to Stephenville ISD's motion to dismiss to any claim of violation by defendants of any state law or constitutional provision. The response makes clear that plaintiffs' retaliation claim is based on Title IX. Resp. at 14-16. The response does make reference to the possibility that the plaintiffs could seek relief under 42 U.S.C. § 1983 as well as under Title IX. Id. at 7-8. That section of the response concludes with the statement that "[t]here is a circuit court split on the issue of whether a Plaintiff can seek relief under both 42 U.S.C. § 1983 and Title IX." Id. at 8. Notably, plaintiffs do not say in their response that, in fact, they are asserting a claim under 42 U.S.C. § 1983. Plaintiffs failed to make any allegation in their complaint that would suggest that plaintiffs intended to bring a § 1983 claim of the kind recognized by the Supreme Court in Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 256-58 (2009).

II.

## Analysis

A.   Legal Standards Applicable to Motions to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer

7

that the plaintiff's right to relief is plausible. <u>Id.</u> To
allege a plausible right to relief, the facts pleaded must
suggest liability; allegations that are merely consistent with
unlawful conduct are insufficient. <u>Id.</u> at 678 (citing <u>Twombly</u>,
550 U.S. at 557). "Determining whether a complaint states a
plausible claim for relief . . . [is] a context-specific task
that requires the reviewing court to draw on its judicial
experience and common sense." <u>Iqbal</u>, 556 U.S. at 679. In
adjudicating defendant's motion, the court may consider the
complaint and its proper attachments.

B.    <u>The Count II Retaliation Claims</u>

The court has concluded that plaintiffs' retaliation claims,
as alleged in Count II of the complaint, should be dismissed as
to all defendants for the reasons given below.

1.    <u>As to the Carter Defendants</u>

The allegations of the complaint in which the claim against
the Carter defendants is described are found in paragraph 37,
under the heading "Retaliation," which is worded as follows:

> 37.   William Joe Carter and Rachel Carter are
> Stephenville Independent School District employees who
> have used their position with the SISD to apply
> pressure on those who do not agree with them
> politically.  Because they had access to a gymnasium
> without cost, given to them in violation of SISD board
> policy by SISD administration, they were in a position
> to control who was on the same basketball team as their
> daughter.  M. McCully was invited to play on that

basketball team approximately sometime in June, 2013.
M. McCully accepted the invitation to play on the team.
However, on or about July 17, 2013, Plaintiff was
informed that M. McCully could not be on the team
because her parents were involved in a lawsuit against
the school.  On or about July 23, 2013, Plaintiff was
told that Carter's [sic] said that 'if the McCully girl
is on the team then our daughter will not be' or
something substantially similar.  William Joe Carter
and/or Rachel Carter used the power vested in them by
SISD to remove and/or force the coach to remove M.
McCully from the basketball team.

Id. at 3-4, 10.

Using a degree of imagination, the court can surmise that
plaintiffs contend that the Carter defendants had some level of
participation, perhaps through their daughter, in a basketball
team that was permitted to use a Stephenville ISD gymnasium
during the summer months; that someone told "Plaintiff" that the
Carter defendants said that they did not want their daughter to
be on that team if M. McCully was on it, or something like that;
that someone told Plaintiff on July 17, 2013, that M. McCully
could not be on the team because her parents were involved in a
lawsuit against the school; and that the Carter defendants played
a role in causing the coach of the team to remove M. McCully from
the team.

While a retaliation claim can be brought on the basis of
Title IX, see Jackson v. Birmingham Bd. of Educ., 544 U.S. 167,
173-74 (2005), the Supreme Court has held that Title IX does not

authorize a suit against school officials, teachers, and other individuals, see Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257 (2009).

Summed up, no facts were pleaded in the complaint that would allow the court to infer that plaintiffs have a right of relief against the Carter defendants. Therefore, the claims asserted against the Carter defendants in their individual capacities are being dismissed with prejudice. The claims against the Carter defendants in their capacities as agents for Stephenville ISD must be dismissed because they are to be construed as claims against Stephenville ISD. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

   2.   As to Stephenville ISD

After having alleged retaliation against the Carter defendants in paragraph 37 of the complaint, plaintiffs alleged in paragraph 38 that "[a]s a result of the illegal retaliation against Complainant M. McCully by all Defendants, Plaintiffs have incurred costs and attorney fees." Compl. at 10, ¶ 38. The court is assuming that plaintiffs intended to allege that the things they described in paragraph 37 of the complaint constituted retaliation against M. McCully by Stephenville ISD as well as by the Carter defendants. Plaintiffs fare no better in their retaliation claim against the school district than they did

in their claim against the Carter defendants.  No facts were
alleged from which the court can infer that plaintiffs have a
right of relief against Stephenville ISD based on a retaliation
theory.

There is no suggestion in the allegations of the complaint
that the basketball team referenced in paragraph 37 was a team
sponsored by Stephenville ISD; there is no suggestion that the
person who removed M. McCully from the basketball team, or the
one who caused her to be removed, was acting on behalf of
Stephenville ISD; nor, is there any suggestion in the facts
alleged that any remarks made against M. McCully's participation
on the team resulted from the complaints by plaintiffs or their
father of actual or perceived gender discrimination by
Stephenville ISD in violation of Title IX.

There is no allegation that Stephenville ISD had any role in
determining membership on the summer recess basketball team.  Nor
is there any suggestion in the complaint as to the identity,
status, reliability, or anything else about the informant
referred to by the allegation that "on or about July 17, 2013,
Plaintiff was informed that M. McCully could not be on the team

because her parents were involved in a lawsuit against the school."⁴  Compl. at 10, ¶ 37.

For all one can discern from the allegations of the complaint, the recitations of what "[p]laintiff [sic] was informed" and "was told" could as likely as not be unfounded gossip or rumor.  Even if they otherwise had legal significance, those allegations are not sufficient to allow the court to infer that the retaliation claim asserted by plaintiffs against Stephenville ISD is plausible.  Therefore, the retaliation claim as against Stephenville ISD is being dismissed with prejudice.

III.

Order

Therefore,

The court ORDERS that the motion to dismiss filed by the Carter defendants be, and is hereby, granted, and that all claims and causes of action asserted by plaintiffs against the Carter defendants be, and are hereby, dismissed with prejudice.

The court determines there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal

---

⁴The allegation "on or about July 17, 2013, Plaintiff was informed that M. McCully could not be on the team because her parents were involved in a lawsuit against the school" would appear to refer to some lawsuit other than the instant one inasmuch as the instant action was not filed until August 27, 2013.  There is nothing in the complaint that suggests that the lawsuit to which the allegation refers was one complaining of gender discrimination in violation of Title IX.

of the claims and causes of action asserted by plaintiffs against the Carter defendants.

The court further ORDERS that the corrected motion to dismiss filed by Stephenville ISD be, and is hereby, granted, as to the claims and causes of action asserted by plaintiffs against Stephenville ISD in Count II of the complaint, and that all such claims and causes of action be, and are hereby, dismissed with prejudice.

The court further ORDERS that the ruling on the remaining grounds of Stephenville ISD's motion to dismiss for failure to state a claim be, and is hereby, held in abeyance, as is the motion filed by Stephenville ISD to dismiss for lack of capacity.

SIGNED November 13, 2013.

JOHN McBRYDE
United States District Judge

13