

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEVIN McCULLY, as next friend §
of Daughters, C. McCULLY and §
M. McCULLY, §
§
        Plaintiffs, §
§
VS. §   NO. 4:13-CV-702-A
§
STEPHENVILLE INDEPENDENT SCHOOL §
DISTRICT, §
§
        Defendant. §

## MEMORANDUM OPINION
### and
### ORDER

The court has concluded that the motion for attorney's fees
("the motion") filed in the above-captioned action by former
defendants, William Joe Carter and Rachel Carter, ("the Carters")
should be granted.

### I.

### The Motion

The motion was filed within the time allowed by Rule 54(2).[1]
The request for recovery of attorney's fees was properly made
under the authority of Rule 54(d)(2) because the substantive law
did not require that the fees be proved at trial as an element of
damages.  The Carters requested in their motion that attorney's
fees be awarded to them against Kevin McCully ("McCully"), who

---

[1] The final judgment as to plaintiffs' claim against the Carters was entered November 13, 2013.
The motion was filed November 27, 2013.

initiated this action <u>pro se</u>, as next friend for his daughters, and Afton Jane Izen ("Izen"), the attorney who was representing McCully behind the scenes when the action was filed and on and off the record for a period of time thereafter. The motion alleges in its introductory paragraph that the Carters are seeking recovery of attorney's fees from "Plaintiff or, alternatively, from Plaintiff's counsel Afton Izen," Mot. at 1, but the text of the motion suggests that the Carters are requesting recovery of attorney's fees from McCully and Izen, jointly and severally. Counsel for the Carters clarified at the December 10, 2013 hearing on the motion that the goal of the motion was to obtain recovery of attorney's fees against McCully and Izen, jointly and severally, if permitted by law.

The recovery sought by the motion is based on the provisions of 42 U.S.C. § 1988(b), 28 U.S.C. § 1927, and the court's inherent authority.

II.

<u>Pertinent Legal Authorities</u>

A.   <u>42 U.S.C. § 1988(b)</u>

Section 1988(b) of Title 42 reads, in pertinent part, as follows:

> In any action or proceeding to enforce a provision of . . . title IX of Public Law 92-318 [20 U.S.C. 1681 et seq.], . . . the court, in its discretion, may allow

2

the prevailing party . . . a reasonable attorney's fee
as part of the costs.

An award of attorney's fees under §1988(b) can be made to a
defendant if the plaintiff's claim was "frivolous, unreasonable,
or groundless," or when "the plaintiff continued to litigate
after it clearly became so." Christianburg Garment Co. v. EEOC,
434 U.S. 412, 422 (1998). There does not have to be a finding of
bad faith for an award of attorney's fees to be proper under
§ 1988(b), but "if plaintiff is found to have brought or
continued such a claim in bad faith, there will be even stronger
basis for charging him with attorney's fees incurred in the
defense." Id.

The Fifth Circuit has defined three factors that are
important to consider in evaluating whether a claim was frivolous
-- first, whether the plaintiff established a prima facie case,
second, whether the defendant offered to settle the case, and,
third, whether the district court dismissed the case or held a
full-blown trial. See United States v. Miss., 921 F.2d 604, 609
(5th Cir. 1991); see also Myers v. City of W. Monroe, 211 F.3d
289 (5th Cir. 2000).

Section 1988 does not authorize the award of attorney's fees
against a plaintiff's attorney. Brown v. Borough of
Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990). However, in

3

Lewis v. Brown & Root, Inc., the Fifth Circuit recognized that

the same conduct that authorizes a fee award against the

plaintiff under a statute comparable to § 1988(b) would support a

joint award of attorney's fees against the plaintiff and his

counsel, with 28 U.S.C. § 1927 supporting the award against

counsel.  711 F.2d 1287, 1291-92 (5th Cir. 1983), clarified on

reconsideration, 722 F.2d 209 (5th Cir. 1984).

B.   28 U.S.C. § 1927

        Section 1927 of Title 28 reads as follows:

        Any attorney or other person admitted to conduct
        cases in any court of the United States or any
        Territory thereof who so multiplies the proceedings in
        any case unreasonably and vexatiously may be required
        by the court to satisfy personally the excess costs,
        expenses, and attorneys' fees reasonably incurred
        because of such conduct.

The Fifth Circuit has not made a ruling as to whether a pro

se plaintiff can be sanctioned under the authority of § 1927.[2]

In Wages v. I.R.S., 915 F.2d 1230, 1235-36 (9th Cir. 1990), the

---

[2]Inconsistent results have been reached by district courts within the Fifth Circuit.  In Allen v. Travis, No. 3:06-CV-1361-M, 2007 WL 1989592 (N.D. Tex. July 10, 2007), the district court adopted the conclusion of a magistrate judge that a pro se litigant cannot be sanctioned under the authority of § 1927.  In contrast, in Swiney v. Texas, No. SA-06-CA-941 FB (NN), 2008 WL 2713756, at *3-4 (W.D. Tex. July 3, 2008), a magistrate judge noted the split among jurisdictions as to whether a pro se litigant can be sanctioned under 1927 and that the Fifth Circuit has yet to resolve the issue, with the result that it was unclear as to whether the moving party was entitled to attorney's fees under § 1927.  But, the magistrate judge went on to conclude that "[n]evertheless attorney's fees may be assessed against a pro se litigant when the litigant is shown to have pursued litigation in bad faith."  Id. at *3.  The district court adopted the magistrate judge's conclusions and her recommendation that attorney's fees be awarded against the plaintiff.  Order Accepting Memorandum and Recommendation of the United States Magistrate Judge, Doc. 126, Civil Action No. SA-06-CA-941-FB.

4

Ninth Circuit held that § 1927 sanctions may be imposed upon a pro se plaintiff.  The Second Circuit held to the contrary in Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992).  The court is of the belief that Congress must have intended to include a pro se litigant within the term "other person admitted to conduct cases in any court of the United States."  A pro se litigant is a person who is admitted, in the sense that he is permitted, to conduct cases in any court of the United States.  To interpret the statute otherwise would be to attribute to Congress serious oversight in their drafting of § 1927 because there is no logical reason why a pro se litigant would not be included within the scope of the statute.  The court agrees with the Ninth Circuit that the sanctioning power of § 1927 extends to a pro se litigant.[3]

The Fifth Circuit has concluded that for a motion under § 1927 to be successful, there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.  See Edwards v. General Motors Corp., 153 F.3d 242, 246

---

[3]In Western Fidelity Mktg., Inc. v. Blakeman, No. 4:01-MC-0020-A, 2001 WL 34664165 (N.D. Tex. June 26, 2001), this court made the statement that "section 1927 only applies to attorneys and does not apply to clients or any other non-lawyers." Id. In that case, the court was not focusing on whether a pro se litigant was sanctionable under § 1927. Now that the court has focused on that issue, the court has concluded that § 1927 applies to pro se litigants.

(5th Cir. 1998); see also Ingram v. Glast, Phillips & Murray, 196
F. App'x 232 (5th Cir. 2006).

Though § 1927 speaks of vexatious multiplication of
litigation, the section can support an award of attorney's fees
for an entire course of proceeding if the case never should have
been brought in the first place.  See Lewis, 711 F.2d at 1292;
see also Browning v. Kramer, 931 F.2d 340, 345 (5th Cir. 1991)
(indicating that "when the entire course of proceedings were
unwarranted and should never have been commenced nor persisted
in" the entire financial burden of an action's defense can be
shifted to the plaintiff under § 1927).

C.    The Court's Inherent Power

The Supreme Court has recognized that federal courts have
the inherent power to impose attorney's fees as a sanction for
bad faith litigation conduct.  Chambers v. NASCO, Inc., 501 U.S.
32, 47 (1991).  A sanction pursuant to the court's inherent
powers should be imposed only if necessary to preserve the
authority of the court, and the sanction must employ "the least
possible power adequate to the purpose to be achieved."  Natural
Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 86 F.3d 464,
467 (5th Cir. 1996); see also Crenshaw v. General Dynamics Corp.,
940 F.2d 125, 129 (5th Cir. 1991) (holding a federal court may

award attorney's fees to a successful litigant when the opponent
commenced or conducted the action in bad faith, vexatiously, or
for the purpose of harassment, but the court must make specific
findings as to the frivolousness of the suit before making such
an award). In <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 765
(1980), the Supreme Court recognized that, in the narrowly
defined circumstances when exercise of the court's inherent power
is appropriate, "federal courts have inherent power to assess
attorney's fees against counsel." The language of <u>Roadway</u>
<u>Express</u> was quoted with approval by the Supreme Court in
<u>Chambers</u>, 501 U.S. at 45.

III.

<u>Analysis</u>

A.   <u>Findings of Fact</u>

  The court makes the following findings of fact based on the
contents of the record in this action and the evidence received
by the court at the December 10, 2013 hearing on the motion:

  This action was initiated on August 27, 2013, by McCully <u>pro</u>
<u>se</u>, as next friend for his daughters, C. McCully and M. McCully.
He hired Izen to be the attorney for him and his daughters before
the complaint was filed and had her assistance in legal matters
leading up to the preparation and filing of the complaint.

7

McCully prepared a draft of the complaint and provided it to Izen for review and refinement before filing. He is the author of paragraph 37 of the complaint, which contains the sole allegations of the complaint against the Carters. As actually filed, the complaint was prepared by Izen for McCully's signature. McCully signed the complaint on August 27, 2013.

McCully is well-educated and appears to be of above-average intelligence. His writings suggest that he has legal skills. He had done significant legal research concerning the meaning and applicability of the provisions of Title IX, and had the benefit of Izen's expertise on Title IX, before he filed the complaint. Izen knew, and McCully knew or should have known, when Izen and McCully cooperated in the preparation of the complaint that a retaliation claim could not be brought against the Carters under Title IX. The complaint was filed with that knowledge in mind. The allegations in the complaint against the Carters were frivolous, unreasonable, and groundless.

The complaint, to the extent that it asserted a claim against the Carters, was prepared and filed in bad faith, with improper motive, and in reckless disregard of the duty owed by a litigant to the court not to include in a pleading a claim known by the litigant to be unfounded legally or factually. When

8

McCully prepared paragraph 37 of the complaint, and when he filed the complaint, he knew or should have known that the claim made against the Carters was legally and factually unsound; and when Izen prepared the complaint for filing, she knew that the claim was factually and legally unsound, and she knew the complaint was going to be filed containing those allegations. The claim against the Carters in the complaint was unwarranted, and the claim never should have been commenced, and certainly should not have been pursued.

The allegations in the complaint against the Carters were intended by McCully and Izen to be viewed to be a retaliation claim under Title IX. By making that retaliation claim under Title IX against the Carters, McCully and Izen were able to create the appearance, at least superficially, that a viable Title IX retaliation claim existed against Stephenville Independent School District ("SISD"). The retaliation claim asserted against SISD in paragraph 38 of the complaint was predicated in its entirety on the factual allegations made against the Carters in paragraph 37 of the complaint. An improper motive McCully and Izen had in including in the complaint the allegations against the Carters was to create the appearance of a viable Title IX retaliation claim against SISD.

The suggestion made by the allegations in paragraph 37 of the complaint that the pleader had reliable information that the Carters had inappropriately used their positions with SISD to cause M. McCully not to be included on a basketball team that used an SISD gymnasium was not based on information upon which any reasonable person would make the assertions that were made in paragraph 37.  Nor would a reasonable person conclude that the Carters' position with SISD had anything to do with whether McCully's daughter would be a member of the basketball team mentioned in paragraph 37.

On September 27, 2013, the Carters filed a motion to dismiss the complaint for failure to state a claim against them upon which relief could be granted.  One of the grounds of the motion was that the complaint did not allege a valid Title IX retaliation claim against the Carters because as a matter of law Title IX does not provide a remedy against individual defendants. McCully and Izen were aware in September 2013 that the Carters took such a position in their motion to dismiss.  Rather than to acknowledge that the Carters were correct, and that the claim against the Carters should be dismissed, three motions were filed by McCully asking for an extension of time for McCully to respond to the Carters' motion to dismiss.  The first motion to extend

time was filed over the signature of Izen on October 18, 2013.
That motion was granted.  The second motion to extend time was
filed over the signature of Izen on October 24, 2013.  Again, the
motion was granted.  The third motion to extend time was filed
over the signature of Izen on October 30, 2013.  It was denied
after the Carters responded to the motion.  None of those motions
for extension of time contained any acknowledgment or concession
that the claim asserted against the Carters in the complaint was
without merit.  When each of those motions was filed, McCully and
Izen both knew that the claim in the complaint against the
Carters was groundless.

Even though McCully and Izen knew that the claim made
against the Carters was frivolous and unfounded, they continued
to pursue the litigation against the Carters in bad faith and for
improper purposes.  They used their allegations of retaliation
against the Carters in support of their response in opposition to
a motion to dismiss for failure to state a claim filed by SISD on
September 23, 2013.  McCully filed his response in opposition
over the signature of Izen on October 17, 2013, which was the day
before McCully sought his first extension of time for response to
the Carters' motion to dismiss.  In McCully's response to SISD's
motion to dismiss, he urged that SISD's motion be denied as to

the retaliation claim, asserting that "[p]laintiffs are only required to present evidence that there is a genuine issue of material fact for resolution by the trier of fact" and "[d]efendant has not controverted Plaintiff's evidence, and therefore, Defendant's Motion to Dismiss should be denied." Pls.' Resp. in Opp'n to Def.'s Mot. to Dismiss at 15.  The only "evidence" to which McCully and Izen could have been referring were the statements of purported facts concerning the Carters that were alleged in paragraph 37 of the complaint.  In other words, McCully and Izen were relying on the existence of allegations against the Carters that were wrongfully, frivolously, and spuriously put in the complaint as a reason why the court should not dismiss McCully's retaliation claim against SISD.

McCully never filed a response to the Carters' motion to dismiss.  The Carters' motion to dismiss and the motion to dismiss of SISD as to the retaliation count of the complaint were granted by Memorandum Opinion and Order signed November 13, 2013. Of interest, coincidentally on that same date McCully filed a motion for leave to file an amended complaint in which he abandoned his claim against the Carters and his retaliation claim against SISD, thus providing rather convincing evidence of

12

McCully's reliance on his allegations against the Carters as
support for the retaliation claim against SISD.

The proposed amended complaint tendered to the court with
the November 13, 2013 motion for leave illustrates the harassing
nature of McCully's lawsuit generally.  If his motion for leave
had been granted, the amended complaint would have constituted an
abandonment of McCully's claim against the Carters and of his
Title IX retaliation claim against SISD and would have added as
defendants the superintendent of SISD in his official capacity
and Does 1-50.  The proposed amended complaint alleged that while
McCully was "ignorant of the true names and capacities of Does 1-
50, [he] believe[d] them to be employees of Stephenville
Independent School District or members of the Stephenville
Independent School District Board of Trustees."  Proposed Am.
Compl. tendered Nov. 13, 2013, at 4 ¶ 12.  He alleged no specific
facts against any of the fifty Does.

The court is satisfied, and finds, that another motive of
McCully in causing the allegations against the Carters to be put
in the complaint was to harass the Carters because of a belief on
McCully's part that one or both of the Carters had something to
do with whether one of his daughters would participate in a
privately organized basketball team that McCully alleged was

13

making use of an SISD gym during the summer months of 2013. The testimony McCully gave at the hearing on the reasons for suing the Carters was not credible other than to convey to the court that McCully wanted to punish the Carters for something, presumably because of a lack of participation by his daughter in the privately organized basketball team.

The court considers noteworthy that the allegations in the complaint were supported by an affidavit of McCully, which was attached to the complaint, by which he swore under oath to the truthfulness of certain of the allegations in the complaint but not his allegations against the Carters. If he thought his allegations against the Carters were factually based, presumably he would have included in his affidavit a verification under oath of those allegations. Moreover, nowhere in the large number of attachments to the complaint is there any mention of anything either of the Carters did or failed to do. The appearance is, and the court finds, that whatever message McCully sought to convey by the allegations contained in paragraph 37 of the complaint against the Carters was created by McCully out of whole cloth.

To the extent any of the foregoing findings of fact are more appropriately considered to be conclusions of law, they are to be so viewed.

B.   Conclusions of Law

The Carters are entitled to recover attorney's fees from McCully in a reasonable amount under the authority of 42 U.S.C. § 1988(b) for all of the work their attorneys did in resisting the claim asserted against the Carters by McCully, starting with the first work the attorney did on August 4, 2013, going through the last item shown on their Exhibit 3 time sheet, which is a November 26, 2013 item for completing the motion to recover attorney's fees.[4]   From the very beginning, when this action was initiated on August 27, 2013, by the filing of the complaint, the claim asserted by McCully, on behalf of his daughters, against the Carters was frivolous, unreasonable, and groundless; and thereafter McCully continued to litigate the claim when it clearly had those characteristics.   The pursuit by McCully against the Carters of the claim that was made in the original complaint was brought, asserted, and pursued in bad faith.

---

[4]Had the Carters sought to recover for time they devoted after November 26, 2013, to their request for recovery of attorney's fees, they would have been entitled to recover for that time as well. However, inasmuch as the Carters have not provided any information as to additional time for which they might be making a claim, the court is not concerning itself with such additional time.

Plaintiffs failed to establish a _prima facie_ case against the Carters.  The Carters did not offer to settle the case because it would have been unreasonable for them to do so inasmuch as a matter of law they clearly had no liability under the allegations against them in the complaint.  The claim against the Carters was dismissed without there being a need for a full-blown trial.  Therefore, the Carters are entitled to an award of attorney's fees under § 1988(b) for all the attorney work shown on the Carter Defendants' Exhibit 3.  All of that work was necessary for the provision of a defense to the frivolous, unreasonable, and groundless claim brought by McCully against the Carters.

McCully and Izen both have liability to make payment to the Carters under 28 U.S.C. § 1927 for the attorney's fees reasonably incurred in the defense of the Carters in this action, from the very beginning through the work done by the attorneys representing the Carters on November 26, 2013.  The very filing of this action was unreasonable and vexatious on the part of McCully and Izen, and all attorney's fees incurred by the Carters in the defense of the action constituted excess attorney's fees reasonably incurred because of such unreasonable and vexatious conduct.  From the time the claim was asserted against the Carters when this action was filed through the time when the

16

court dismissed the action as to the Carters, the action was being pursued by McCully and Izen in bad faith, with improper motive, and with reckless disregard of the duty owed by McCully and Izen to the court not to present and pursue a frivolous, unreasonable, and vexatious claim. The claim in the complaint against the Carters should never have been brought in the first place, and should not thereafter have been pursued. The entire course of the proceedings against the Carters was unwarranted. Therefore, the entire financial burden of the defense provided to the Carters should be borne by McCully and Izen, both of whom were responsible for the filing and pursuit of the proceedings.

An award to the Carters for attorney's fees incurred by them in the defense of the claim made by McCully against them in this action also would be appropriate under the court's inherent powers were it not for the fact that attorney's fees can be awarded in favor of the Carters against McCully under both § 1988(b) and § 1927 and against Izen under § 1927. Because an appropriate award can be made under those two statutory provisions, a sanction pursuant to the inherent powers of the court is not necessary to preserve the authority of the court. For that reason, and only for that reason, the court is not imposing an award of attorney's fees as sanctions against either

17

McCully or Izen under the court's inherent power.  Were it not
for the availability of other avenues for making an award of
attorney's fees in favor of the Carters against McCully and Izen,
the court would make an award against them, jointly and
severally, as sanctions under the court's inherent powers.

C.   The Amount to be Awarded

The parties stipulated that the total dollar amount of
$6,253.00, the total of the fee charges shown on the December 23,
2013 Carter Defendants' Exhibit 3, is reasonable for the work
reflected by the exhibit.  They left for the court to decide
whether the work represented by the fee charges was necessary for
the defense of the Carters as to the claim made against them by
McCully.  The court finds that all of the work shown on the
exhibit through the November 14, 2013 entry pertaining to receipt
of the memorandum opinion and order and final judgment dismissing
the claim against the Carters is work that necessarily was done
by the attorneys in the defense of the claim made by McCully
against the Carters in the complaint he filed on August 27, 2013;
and, the court finds that the remaining work shown on the exhibit
was necessary for the preparation of the request by the Carters
for recovery of attorney's fees against McCully and Izen.  The
law seems to be established that an award of attorney's fees can

include time spent by the attorney for the prevailing defendant in preparing a motion for attorney's fees.   See <u>Cruz v. Hauck</u>, 762 F.2d 1230, 1233 (5th Cir. 1985); <u>Johnson v. Miss.</u>, 606 F.2d 635, 638 (5th Cir. 1979); <u>John G. Raymond, Inc. v. Blair</u>, No. CIV. A. 09-5507, 2012 WL 5398568 at *2 (E.D. La. Nov. 2, 2012).

The court finds that the fees shown on the Carter Defendants' Exhibit 3 for work related to preparation of the motion for attorney's fees (the second November 14, 2013 entry through the November 26, 2013 entry) accurately reflect work necessary to the preparation of the motion of the Carters for recovery of attorney's fees.

The court accepts the stipulation of the parties that $6,253.00 is a reasonable amount for the attorney work shown on the Carter Defendants' Exhibit 3.   The court would note that the per hour rates shown on that exhibit are less than what the court would expect attorneys with the qualifications and expertise of defense counsel for the Carters to charge, perhaps as much as $75 to $125 less than what the court has seen in the last few years that attorneys with similar qualifications and experience in this area charge for litigation work.

Therefore, the court concludes that $6,253.00 is a proper amount to award as attorney's fees in favor of the Carters

against McCully and Izen.   In reaching such conclusion, the court has appropriately considered all factors the court should consider in determining the reasonableness of the fee charges upon which the award is based and the necessity for the accomplishment of the work included in the award.

D.   The Attorney's Fee Award is for the Benefit of TASB

The evidence at the hearing showed that Texas Association of School Boards Risk Management Fund ("TASB") hired the attorneys who provided the Carters a defense in this action and paid their fees.   Thus, TASB is subrogated to the claim of the Carters for a fee award and should be the ultimate beneficiary of any such award.   On December 17, 2013, TASB filed a document titled "Texas Association of School Boards Risk Management Fund's Motion for Joinder as a Defendant for the Limited Purpose of Pursuing Claim of Attorney's Fees and Ratification."   The court hereby grants such motion.

The court, having granted such motion, considers TASB to be a party to the action for the limited purpose of enjoying the benefit of the award of attorney's fees in favor of the Carters against McCully and Izen.   The court is making the award directly to TASB so that the funds when paid will go directly to TASB instead of being funneled through the Carters to TASB.

TASB has informed the court in its motion for joinder that it ratifies the request of the Carters contained in the motion of the Carters for an award of attorney's fees, and the court determines that TASB is judicially bound by all findings, conclusions, and rulings made by the court in response to such motion.  To the extent necessary to accomplish the objectives expressed under this subheading of this memorandum opinion and order, the court considers that TASB has been joined and is a party to this action.

IV.

Order

For the reasons stated above,

The court ORDERS that TASB have and recover from McCully and Izen, jointly and severally, $6,253.00 as attorney's fees incurred by TASB on behalf of the Carters in connection with this action.

SIGNED December 23, 2013.

_____
JOHN McBRYDE
United States District Judge

21