

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEVIN McCULLY, as next friend   §
of daughters, C. McCULLY AND   §
M. McCULLY   §
  §
      Plaintiffs,   §
  §
VS.   §  NO. 4:13-CV-702-A
  §
STEPHENVILLE INDEPENDENT   §
SCHOOL DISTRICT, ET AL.,   §
      Defendants.   §

MEMORANDUM OPINION
and
ORDER

    The above-captioned action was initiated by the filing by

plaintiffs, C. McCully and M. McCully, appearing through their

father, Kevin McCully, as their next friend, of their complaint

against defendants, Stephenville Independent School District

("Stephenville ISD"), and William Joe Carter and Rachel Carter

(together, the "Carter defendants"). On September 23, 2013,

Stephenville ISD filed a motion to dismiss for lack of capacity

and a corrected motion to dismiss pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure. On October 25, 2013,

plaintiffs filed a response to Stephenville ISD's corrected

motion to dismiss, and on November 8, 2013, Stephenville ISD

filed a reply. On September 27, 2013, the Carter defendants

filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the court granted in an order signed November 13, 2013.  In the November 13, 2013 order, the court also granted Stephenville ISD's motion to dismiss for failure to sate a claim directed to Count II of the complaint and dismissed Count II as to Stephenville ISD.  The court held in abeyance the remaining grounds of Stephenville ISD's motion to dismiss for failure to state a claim and Stephenville ISD's motion to dismiss for lack of capacity.[1]  Having now considered each motion, the responsive pleadings, and applicable legal authorities, the court concludes that the grounds of Stephenville ISD's corrected motion to dismiss that were held in abeyance should now be granted in part and denied in part, and that Stephenville ISD's motion to dismiss for lack of capacity should be denied as moot.

---

[1] In its November 13, 2013 order, the court noted that on the date of the signing of that order, the court had received from plaintiffs a motion for leave to file a first amended complaint.  The court denied the motion for leave in an order signed December 3, 2013.  In the December 3, 2013 order, the court also denied a second motion for leave to file an amended complaint, for failure to comply with the local rules of this court.  As plaintiffs have made no further attempts to seek leave to file an amended complaint, the court is now proceeding with the grounds of Stephenville ISD's motion to dismiss for failure to state a claim that were not resolved by the November 13, 2013 order.

I.

## Allegations of the Complaint

Plaintiffs allege in their complaint that C. McCully and M. McCully are sisters who attend Henderson Junior High in the Stephenville Independent School District.  Plaintiffs assert that they are or will be participating in athletics in the district and that plaintiffs' father, Kevin McCully, began complaining to administrators at Stephenville ISD of gender discrimination at Henderson Junior High in early September 2012.  Kevin McCully filed grievances with Stephenville ISD on March 8, 2013, completing the grievance process in July 2013, and "Defendant has made some changes," but "has backtracked on two commitments." Comp. at 4.

Plaintiffs complain in general that the female athletes at Henderson Junior High have fewer opportunities to participate in sports than boys and inferior benefits when they do participate, such as non-traditional seasons, fewer coaches, inferior coaches, inadequate practice facilities, inferior locker rooms and other facilities, discriminatory practice times and schedules, inadequate publicity, different recruitment of girls, inadequate survey of girls to determine their interests, the discriminatory

3

environment of the Quad County Conference, the discriminatory environment of the University Interscholastic League, stereotypical assumptions about the interests and abilities of female athletes, and allowing unequal support to the boys' athletics through booster clubs, donations, and commercial agreements.

II.

## Legal Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

4

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Id.</u> To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> at 678 (citing <u>Twombly</u>, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679. In adjudicating defendant's motion, the court may consider the complaint and its proper attachments.

III.

## Application of the Law to the Facts

A.   Motion to Dismiss for Failure to State a Claim

Title IX of the Education Amendments of 1972 provides that, subject to exceptions not applicable here, "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  To state a claim under Title IX requires plaintiffs to allege that defendants (1) received federal financial assistance and (2) excluded plaintiffs from participation in defendants' educational programs because of their sex.  Cannon v. Univ. of Chicago, 441 U.S. 677, 680 (1979).

"Alleged violations of Title IX in the area of athletics are often divided into effective accommodation claims and equal treatment claims."  Pederson v. Louisiana State Univ., 213 F.3d 858, 865 n.4 (5th Cir. 2000).  Effective accommodation claims relate to the part of the Title IX regulations requiring consideration of "[w]hether the selection of sports and levels of competition effectively accommodate the interests and abilities of members of both sexes" in evaluating the availability of

6

"equal athletic opportunities for members of both sexes."   34

C.F.R. § 106.41(c)(1); Pederson, 213 F.3d at 865 n.4.   Equal

treatment claims correspond with "the Title IX regulations found

at 34 C.F.R. §§ 106.37(c) and 106.41(c)(2)-(10), which call for

equal provision of athletic scholarships as well as equal

provision of other athletic benefits and opportunities among the

sexes."   Pederson, 213 F.3d at 865 n.4 (quoting Boucher v.

Syracuse Univ., 164 F.3d 113, 115 n. 1 (2d Cir.1999)) (internal

quotation marks omitted).

    1.   Effective Accommodation Claim

    As to their effective accommodation claim, plaintiffs allege

that "[t]he lack of equal facilities, coaching, and services for

girls and boys sports at HJH does not effectively accommodate the

interests and abilities of members of both sexes, including the

interests and abilities of Plaintiffs," "[d]efendant has failed

to adequately survey girls so that the interests of the

underrepresented gender may be determined," and "[g]irls have

fewer opportunities to participate in sports than what boys enjoy

at HJH."   Compl. at 4, 9.   While the court doubts that such vague

and conclusory assertions are sufficient to state a claim for

effective accommodation, as an initial matter, the court first

7

addresses plaintiffs' standing to assert the claim.

To establish standing, plaintiffs must show that they suffered an "injury in fact," that there exists a causal relationship between the injury and the challenged conduct, and that the injury will likely be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The Fifth Circuit Court of Appeals has held that to demonstrate an injury in fact "to establish standing under a Title IX effective accommodation claim, a party need only demonstrate that she is 'able and ready' to compete for a position on the unfielded team." Pederson, 213 F.3d at 871. The court agrees with Stephenville ISD that plaintiffs fail make such a demonstration. Plaintiffs point to no sport or activity for which they were "'ready and able' to compete" but which was unavailable to them. Indeed, plaintiffs offer no factual allegations at all regarding the availability of any athletic opportunities at Henderson Junior High. Therefore, plaintiffs have failed to establish standing to assert a claim for effective accommodation under Title IX and such claim must be dismissed. Further, even if plaintiffs had established standing to bring the effective accommodation claim, plaintiffs have asserted only

vague, conclusory statements that are insufficient to state a claim for effective accommodation under Title IX, and such claim also would be dismissed for that reason.

    2.  <u>Equal Treatment Claim</u>

In their complaint, plaintiffs assert various allegations of inequality and disparities between the girls' athletics programs and the boys' athletics programs at Henderson Junior High. Title IX requires "equal athletic opportunities for members of both sexes," taking into consideration factors such as scheduling, equipment, coaching, and locker rooms. 34 C.F.R. § 106.41(c)(2)-(10). Although the allegations in plaintiffs' complaint are stated in general terms, such as "discriminatory" practice schedules, "fewer" coaches for girls, and "inferior" locker rooms and other facilities, the attachments to plaintiffs' complaint offer more specifics. Compl. at 5-6; <u>see e.g.,</u> Compl., Ex. B. at 2, 3. Therefore, contrary to Stephenville ISD's contention, plaintiffs have provided some factual description of the alleged unequal opportunities.

Stephenville ISD also argues that plaintiffs have failed to plead that Stephenville ISD intentionally discriminated on the basis of gender. To state a claim for unequal treatment under

Title IX, plaintiffs must allege intentional discrimination.  <u>See</u>
<u>Chance v. Rice Univ.</u>, 984 F.2d 151, 153 (5th Cir. 1993) (holding
that Title IX gender discrimination claims are properly analyzed
under the "intentional discrimination" standard in Title IV of
the Civil Rights Act of 1964); <u>Fort v. Dallas Indep. Sch. Dist.</u>,
No. 95-10323, 1996 WL 167072, at *3 (5th Cir. March 11, 1996)
("Therefore, to establish a claim under Title IX, the plaintiff
must establish that an educational institution receiving federal
assistance intentionally discriminated on the basis of the
plaintiff's sex.").  To demonstrate intentional discrimination,
plaintiffs must show that Stephenville ISD "intended to treat
women differently on the basis of their sex by providing them
unequal athletic opportunity."  <u>Pederson</u>, 213 F.3d at 882.

     The court finds that the allegations in the complaint
together with plaintiffs' claims in the attachments to their
complaint are sufficient to meet the requirement for alleging
intentional discrimination.  <u>See</u> <u>e.g.,</u> Compl. at 7 ("SISD has
denied girls equal athletic opportunities because of paternalism,
stereotypical assumptions about girls' interests and abilities,
and their outdated views of women."); Compl., Ex. E at 2, 5
(claiming that the inequalities between the girls' and boys'

10

athletics programs at Henderson Junior High are due to
differences in gender between the participants).

Finally, the court also finds that plaintiffs' claims are
not moot and are ripe for adjudication.  "A case becomes moot--
and therefore no longer a 'Case' or 'Controversy' for purposes of
Article III--'when the issues presented are no longer 'live' or
the parties lack a legally cognizable interest in the outcome."
Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726-27 (2013)
(quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)).  "In
determining whether a matter is ripe for judicial review we
consider 'the fitness of the issues for judicial decision and the
hardship to the parties of withholding court consideration.'"
Anderson v. Sch. Bd. of Madison Cnty., 517 F.3d 292, 296 (5th
Cir. 2008)(quoting Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d
891, 895 (5th Cir.2000)).  In general, "issues are not ripe if
'further factual development is required.'"  Id. (quoting Wolfe,
212 F.3d at 895 ).

Stephenville ISD argues that the attachments to plaintiffs'
complaint show that some changes have already been made and other
changes are still to take effect during the 2013-2014 school
year.  As Stephenville ISD points out, plaintiffs' complaint

11

concedes that "Defendant has made some changes" but "has backtracked on two commitments." Compl. at 4. However, the complaint does not identify which changes were made and which ones were "backtracked on." In the complaint's attachments, the court can discern only two statements by Stephenville ISD committing to make any changes or reporting on any changes already made. Exhibit F states that the principal of Henderson Junior High "is planning on" making changes to the practice schedule, Compl, Ex. F at 2, but the affidavit attached to the complaint alleges that despite the principal's stated intentions, plaintiffs still have split practice schedules for the current school year. Comp., Aff. of Kevin McCully at 5. Second, exhibits C and F state that Stephenville ISD administrators have ceased requiring girls to participate in multiple sports, and notably, plaintiffs do not complain of forced participation in multiple sports in their complaint. Compl, Ex. C at 3, Ex. F at 2. Accordingly, the court finds that plaintiffs' claims are not moot.

As to ripeness, Stephenville ISD argues that plaintiffs cannot bring suit at this time because certain changes have yet to be implemented, or not, during the 2013-2014 school year.

However, the court cannot discern from plaintiffs' complaint or its attachments any such changes waiting to be made during the current school year, or any "further factual development" that is needed for there to be an actual case or controversy before the court.  <u>Anderson</u>, 517 F.3d at 296.  Therefore, the court also finds that plaintiffs' claims are ripe.

In sum, although the court does have some reservations about whether plaintiffs have adequately pleaded a claim for unequal treatment under Title IX of the Education Amendments of 1972, the court finds that such claim should be allowed to proceed and Stephenville ISD's motion to dismiss should be denied as to that claim.

   3. <u>No Facts are Alleged that Would Support any Claim Under the United States Constitution or State Law</u>

Plaintiffs' complaint alleges violations of the United States Constitution and the laws and constitution of the State of Texas and that plaintiffs were damaged by those violations.  The court agrees with Stephenville ISD that plaintiffs have failed to allege any facts to support such claims.  Therefore, to whatever extent plaintiffs have attempted to assert these claims, such claims are being dismissed.

13

B.   <u>Motion to Dismiss for Lack of Capacity</u>

On the same date as the filing of its corrected motion to dismiss, Stephenville ISD also filed a motion to dismiss for lack of capacity, arguing that plaintiffs' next of friend, Kevin McCully, cannot bring suit on behalf of his daughters because he is not a licensed attorney.  However, as plaintiffs are now represented by counsel, Stephenville ISD's motion to dismiss for lack of capacity is moot.

IV.

<u>Order</u>

Therefore,

The court ORDERS that the corrected motion to dismiss filed by Stephenville ISD be, and is hereby, granted in part, and that all claims asserted by plaintiffs against Stephenville ISD except plaintiffs' equal treatment claim under Title IX of the Education Amendments of 1972 be, and are hereby, dismissed with prejudice.

The court further ORDERS that the corrected motion to dismiss filed by Stephenville ISD be, and is hereby, denied as to the claim asserted by plaintiffs against Stephenville ISD for equal treatment under Title IX of the Education Amendments of 1972.

The court further ORDERS that the motion to dismiss for lack of capacity filed by Stephenville ISD be, and is hereby, denied as moot.

SIGNED January 24, 2014.

_____
JOHN McBRYDE
United States District Judge

15