IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED

AUG 1 4 2014

CLERK, U.S. DISTRICT C.
By_____
Deputy

| | | |
|---|---|---|
| KEVIN McCULLY, as next friend | § | |
| of Daughters, C. McCULLY and | § | |
| M. McCULLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-702-A |
| | § | |
| STEPHENVILLE INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion for summary judgment of defendant, Stephenville Independent School District, ("SISD"). After having considered such motion, the response thereto of plaintiffs, C. McCully and M. McCully, (sometimes collectively referred to as "plaintiffs") by and through their next friend and father, Kevin McCully, the summary judgment record, plaintiff's complaint, and pertinent legal authorities, the court has concluded that such motion should be granted.

I.

Background

This action was initiated August 27, 2013, by the filing over the signature of Kevin McCully on behalf of plaintiffs of a complaint against SISD and two individuals who were employed by

SISD.   Two counts were alleged.   Count I, apparently against SISD only, alleged violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and Count II, against all defendants, alleged retaliation.

The Title IX violation was predicated on contentions that plaintiffs, who are female students at a junior high school within the SISD, were denied athletic opportunities, facilities, coaching, and services equal to male students.   For a more detailed description of the allegations of the complaint, the reader is referred to the memorandum opinion and order issued in this action November 13, 2013, and another issued January 24, 2014.

In response to motions to dismiss filed by SISD and the individual defendants, the court issued a memorandum opinion and order November 13, 2013, dismissing the retaliation claims.   A final judgment was issued that date as to the individual defendants, leaving SISD as the sole defendant.   Another memorandum opinion and order was issued on January 24, 2014, by which the court dismissed the remaining claims that were asserted by plaintiffs against SISD except to whatever extent plaintiffs were making an equal treatment claim under Title IX.

II.

## SISD's Motion and Plaintiffs' Response

A.   Grounds of the Motion

In a general way, SISD maintains in its motion that plaintiffs cannot produce evidence to create genuine issues of fact that would support the granting to plaintiffs of any relief against SISD.  SISD calls the court's attention to plaintiffs' deemed admissions resulting from their failures to respond as required by Rule 36 of the Federal Rules of Civil Procedure to dispositive matters contained in Rule 36 sets of requests for admissions served by SISD on plaintiffs.  In addition, SISD provides other summary judgment evidence it contends establishes that it has taken reasonable and appropriate steps to comply with the equal treatment requirements of Title IX.

B.   Plaintiffs' Response

Plaintiffs' sole response to SISD's ground based on plaintiffs' deemed admissions is contained in a footnote on the first page of the brief, which states that "[p]laintiffs will not address the effects of this [sic] *Deemed Admissions* as they reasonably believe they will ultimately have little effect upon the outcome of this cause due to the admissions provided by the Defendant in their [sic] own *Motion*, Exhibits in their [sic]

3

Appendix and Discovery responses."   Br. in Resp. at 1 n.1. (Doc.
128).

        Plaintiffs support their response with an appendix
containing declarations of C. McCully, M. McCully, their mother,
Angie McCully, and their father, Kevin McCully, responses made by
SISD to plaintiffs' requests for admissions, and written
communications between plaintiffs' parents and personnel or an
attorney of SISD concerning the complaints of the parents
relative to the athletic opportunities and facilities afforded by
SISD to the plaintiffs.   According to plaintiffs, SISD has failed
to carry its summary judgment burden of establishing that there
is no genuine issue of material fact, stating under the heading
"Conclusion" in their responsive brief the following:

        The District has failed to meet their [sic]
    burden.   There certainly are contested issues of
    material fact as to whether or not the District's block
    practice program violates Title IX, as do similar
    questions remain as to the out-of-time spring
    volleyball program or whether or not the District
    satisfies the requisites of Title IX at all.   As such
    their [sic] *Motion* should be denied.

Id. at 25, ¶ 87.

4

III.

Analysis

A.   Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides
that the court shall grant summary judgment on a claim or defense
if there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law.   Fed. R. Civ.
P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247
(1986).   The movant bears the initial burden of pointing out to
the court that there is no genuine dispute as to any material
fact.   Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial."   Id. at 323.

Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case.   Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . .").   If the evidence identified could not lead

5

a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there

is no genuine dispute for trial and summary judgment is

appropriate.   <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

475 U.S. 574, 587, 597 (1986).

　　　The standard for granting a motion for summary judgment is

the same as the standard for rendering judgment as a matter of

law.   <u>Celotex Corp.</u>, 477 U.S. at 323.   If the record taken as a

whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial.

<u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Boeing Co. v. Shipman</u>, 411

F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the

standard to be applied in determining whether the court should

enter judgment on motions for directed verdict or for judgment

notwithstanding the verdict).

B.　　<u>The Deemed Admissions Ground of SISD's Motion</u>

　　　Rule 36(a)(1) of the Federal Rules of Civil Procedure

provides, in pertinent part, as follows:

> (1)  *Scope*.  A party may serve on any other party
> a written request to admit, for purposes of the pending
> action only, the truth of any matters within the scope
> of Rule 26(b)(1) relating to:
>
> (A)   facts, the application of law to fact, or
> opinions about either . . . .

Fed. R. Civ. P. 36(a)(1)(A).

6

SISD served two sets of Rule 36 requests for admissions on
plaintiffs, one directed to plaintiff C. McCully, Mot., App.
(doc. 107) at 136-142, and the other directed to plaintiff M.
McCully, id. at 143-149.  Neither plaintiff responded as required
by Rule 36.  Rule 36(a)(3) provides in pertinent part that:

> A matter is admitted unless, within 30 days after
> being served, the party to whom the request is directed
> serves on the requesting party a written answer or
> objection addressed to the matter and signed by the
> party or its attorney.

Fed. R. Civ. P. 36(a)(3).

Neither plaintiff served on SISD a written answer or
objection within 30 days after having been served with the
requests for admissions.  Consequently, the matters contained in
the requests for admissions are deemed admitted.  Included in
those matters are the following:

> 1.   Stephenville Independent School District does not
> discriminate against you in the funding of athletics.
>
> 2.   Stephenville Independent School District does not
> provide male athletes with equipment or supplies that are of
> better quality than those provided to female athletes.
>
> 3.   Stephenville Independent School District does not
> discriminate against you in the scheduling of your
> practices.
>
> 4.   Stephenville Independent School District does not
> discriminate against you with regard to opportunities to
> participate in athletic activities.
>
> 5.   You do not have coaches of inferior experience as
> compared to coaches of male athletes.

7

6.   You do not have fewer opportunities to receive coaching.

7.   Stephenville Independent School District does not provide inferior facilities such as locker rooms, showers, coaches' offices, and similar facilities to female athletes as compared to male athletes.

8.   Stephenville Independent School District provides equitable training facilities and services to both its male and female athletes.

9.   Stephenville Independent School District has complied with Title IX in the provision of treatment and benefits to its students.

10.   Stephenville Independent School District has provided you with an equal opportunity to participate in interscholastic and other school-sponsored athletics.

11.   Stephenville Independent School District has not discriminated against you on the basis of gender.

12.   You have participated in the interscholastic and other school-sponsored athletics of your choice.

13.   Stephenville Independent School District did not deny you the opportunity to participate in the interscholastic and other school-sponsored athletics of your choice.

14.   You have not been excluded from participation in any interscholastic or other school-sponsored athletics of your choice.

15.   You were provided treatment and benefits comparable overall to the treatment and benefits provided to male athletes.

Mot., App. (Doc. 107) at 138-39, 145-46.

The court concludes that those deemed admissions are fatal

to the equal treatment claims of plaintiffs, and that they

8

provide a sufficient ground for granting SISD's motion for summary judgment. The Fifth Circuit, while recognizing the "potential harshness" of granting summary judgment on the basis of default admissions, has emphasized that compliance with the rules of procedure is "necessary to ensure the orderly disposition of cases." <u>In re Carney</u>, 258 F.3d 415, 421 (5th Cir. 2001)(quoting <u>United States v. Kasuboski</u>, 834 F.2d 1345, 1350 (7th Cir. 1987)); <u>see also</u> <u>Dukes v. South Carolina Ins. Co.</u>, 770 F.2d 545, 548-49 (5th Cir. 1985); <u>Le v. Cheesecake Factory Rests.</u>, 2007 WL 715260 at *4 (5th Cir. 2007).[1]

Plaintiffs' footnoted comment that they do not address the effects of the deemed admissions because they believe that other items in the summary judgment record will prevail over the deemed admissions, <u>supra</u> at 3-4, fails to take into account the strict provision of Rule 36(b) that, in pertinent part, provides that "[a] matter admitted under this rule is <u>conclusively established</u> unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added).

Plaintiffs apparently recognized the conclusive effect of their admissions when they filed, almost sixty days after the

---

[1]The court recognizes that the unpublished opinion of the Fifth Circuit in <u>Cheesecake Factory Rests.</u> has limited value as a precedent, but the court thinks it instructive that the Fifth Circuit repeatedly has adhered to the proposition that a summary judgment can be granted on the basis of deemed admissions.

requests for admissions had been served on them, a motion to
strike the deemed admissions. Mot. to Strike (Doc. 113). The
ground of the motion, as set forth in its paragraphs 4 and 5, was
worded as follows:

> 4.   On July 14, 2014 Defendant filed their [sic]
> *Motion for Summary Judgment* (Doc. #105) substantially
> relying upon "Deemed Admission," as Plaintiff had not
> answered his discovery, including and especially the
> "Admissions," in a timely manner.
>
> 5.   It is during this period between June 26th
> and July 10th that Mr. McCully and this Counsel had a
> number of disagreements in regard to responding to said
> discovery, the direction of the case and other matters
> of mutual concern. This Counsel represents to this
> Court that such disagreement by and with Mr. McCully
> were surely in "good-faith" and were reasonable.
> Nevertheless, it be clear that such disagreements were
> unreconcilable leading to the *Motion to Withdraw*
> recently filed by this Counsel.

Id. at 1st and 2d pages, ¶¶ 4 & 5. After having reviewed the
motion to strike deemed admissions, SISD's response thereto, and
pertinent legal authorities, the court issued an order July 24,
2014, denying the motion. Order Den. Mot. to Strike (Doc. 124).[2]

---

[2]The motion to strike followed within a few days after the court denied an opposed motion that
had been filed on that date by plaintiffs asking the court

> to Dismiss without Prejudice [] all claims and causes of action that were or could have
> been brought in this case against Defendant Stephenville Independent School District
> and all current and former employees, agents, and representatives of the Stephenville
> Independent School District, including but not limited to its Trustees, representatives,
> agents, attorneys, insurers, and employees, all in both their official and individual
> capacities, based on the allegations made in this case.

Mot. to Dismiss (Doc. 108), 1st page; Order Den. Mot. to Dismiss (Doc. 112).

Thus, the deemed admissions supporting grant of SISD's motion remain in effect.

## C.  Even Without the Deemed Admissions, SISD's Motion Would Be Granted

Even if the court were to disregard the conclusive effect of plaintiffs' deemed admissions, and were to consider the merit of SISD's motion on the remaining summary judgment record, the court would conclude that SISD's motion should be granted because no rational trier of fact would find from a preponderance of the evidence the facts that would have to exist for plaintiffs to have a Title IX cause of action against SISD.  When the entire summary judgment record is considered, the inevitable conclusion to be reached is that SISD has done everything it reasonably could be expected to do to satisfy the requirements of Title IX. The statutory basis for the regulatory requirements of section 1681(a) of Title 20 of the United States Code, reads as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .

20 U.S.C. § 1681(a).  And, the equal treatment regulations are found at 34 C.F.R. § 106.41(c).

The communications between the parents of C. McCully and M. McCully and representatives of the SISD convey the story of

parents setting upon a course of nitpicking criticism and a
school district that responded to each of the nitpicking
complaints in a reasonable and professional manner, and, in doing
so, made clear that it was not engaged in discrimination on the
basis of sex in its athletic program.

Of pertinence is the Fifth Circuit holding in Chance v. Rice
Univ. that in a Title IX analysis the court should apply the
standards set forth in Title VI of the Civil Rights Act of 1964,
42 U.S.C. §§ 2000d to 2000d-7.  984 F.2d 151, 153 (5th Cir.
1993).  See also Fort v. Dallas Indep. Sch. Dist., 82 F.3d 414,
1996 WL 167072 at *3 (5th Cir. 1996)(affirming the rule of the
Fifth Circuit that a Title IX plaintiff "must establish that an
educational institution receiving federal assistance
intentionally discriminated on the basis of the plaintiff's
sex").  When the appropriate standards are applied to the summary
judgment record, the conclusion follows that no rational finder
of fact would find that SISD has intended in its athletic program
to treat its female students differently from its male students.
While aspects of its athletic program probably could be refined,
the summary judgment record shows conclusively that SISD has
taken reasonable steps to accomplish whatever refinements it
realistically could make to ensure equal athletic opportunity for
members of both sexes.

Therefore, even if the conclusive deemed admissions were to be disregarded, the summary judgment record would support grant of SISD's motion.

IV.

Order

For the reasons stated above,

The court ORDERS that SISD's motion for summary judgment be, and is hereby, granted; and

The court further ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiffs against SISD be, and are hereby, dismissed.

SIGNED August 14, 2014.

JOHN McBRYDE
United States District Judge

13